IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

----

CITY LIMITS OF NORTHERN
NEVADA, INC., a Nevada
Corporation, and DAVID A.
MCKIBBIN, dba CITY LIMITS,

        Plaintiffs,

  v.

COUNTY OF SACRAMENTO,
a political subdivision
of the State of California,

        Defendant.

2:06-cv-1244-GEB-GGH

ORDER[*]

----

Defendant moves to dismiss this action under Federal Rule of Civil Procedure 12(b)(6).[1] Plaintiffs oppose the motion.

BACKGROUND

Plaintiff City Limits of Northern Nevada, Inc. ("City Limits") is a Nevada corporation doing business in California. Plaintiff David A. McKibbin ("McKibbin") is President of City Limits.

----

[*] This matter was determined to be suitable for decision without oral argument. L.R. 78-230(h).

[1] All further references to Rules are to the Federal Rules of Civil Procedure.

1        In 1993, City Limits began operating an adult cabaret at 5809 Auburn Boulevard in unincorporated Sacramento County ("County"), a location designated as land use zone General Commercial ("GC") by the County. (Pls.' Compl. ¶ 10.)  On November 29, 1995, the County enacted Zoning Code section 325-51, which restricts the operation of sexually oriented businesses to property designated by the County as land use zone M-1 or M-2, making operation of City Limits unlawful at its current location. (Pls.' Compl. ¶ 14.)  Under County Zoning Code section 120-25, a nonconforming use of land may continue for five years after the date on which the use became nonconforming. (Id.)  "According to the California Government Code an ordinance adopted by a county . . . takes effect 30 days after its adoption." (Id. ¶ 16.)  Therefore, Zoning Code section 325-51 became legally effective on December 29, 1995. (Id.)

        City Limits continued to apply for and receive yearly renewals of its general business license after the five-year amortization period concluded on December 29, 2000. (Pls.' Compl. ¶¶ 19-20.)  On October 25, 2005, Plaintiffs again applied for a renewal of the general business license, but the County denied the application based on Plaintiffs' failure to comply with County zoning ordinances. (Id. ¶¶ 22-23.)

        Plaintiffs filed an administrative appeal, which was heard by Karyl L. Marsh ("Marsh"), a County hearing officer. (Pls.' Compl. ¶¶ 25-26; Def.'s Mot. Dismiss at 2.)  Plaintiffs argued that the County's denial of their general business license renewal application should be reversed, and that County Zoning Ordinance section 325-51 is unconstitutional. (Pls.' Compl. ¶ 28.)  During the hearing, Plaintiffs objected to Marsh acting as the hearing officer, arguing

2

that she had a conflict of interest because she was a County employee deciding a dispute involving the County. (Id. ¶ 25.) Marsh denied Plaintiffs' motion to disqualify her as the hearing officer. (Def.'s Mot. Dismiss at 2.) In her written decision, Marsh upheld the County's denial of Plaintiffs' general business license renewal application and determined that a County administrative hearing was not the proper forum to decide Plaintiffs' constitutional claims. (Pls.' Compl. ¶ 29.) Plaintiffs then appealed to the County Board of Supervisors, which upheld the denial of their license renewal. (Id. ¶ 31.)

Plaintiffs filed this federal lawsuit against Defendant, asserting claims that County Zoning Ordinance section 325-51 is unconstitutional on its face and as applied, and violates their free speech rights under the First and Fourteenth Amendments. (Id. ¶ 34.) Plaintiffs also assert that the administrative hearing violated their due process rights and right to a fair hearing. (Id. ¶ 41.) Further, Plaintiffs seek a writ of mandate setting aside the County's decision to deny their business license renewal. (Id. at 18 ¶ 7.)

DISCUSSION

I. Standing

Defendant asserts that McKibbin does not have standing to bring this suit because he has not alleged an injury distinct from that of City Limits. (Def.'s Mot. Dismiss at 4-5.) McKibbin rejoins that he has standing because he is subject to criminal prosecution for the misdemeanors of operating an adult business in a prohibited zone and operating a business without the required business license. (Pls.' Resp. to Def.'s Mot. Dismiss at 2 ("Pls.' Resp.").)

The "irreducible constitutional minimum" of standing consists of three elements: (1) the plaintiff must have an injury in fact that is (a) concrete and particularized and (b) actual or imminent; (2) the injury and the conduct complained of must be causally connected; and (3) it must be likely that the injury complained of will be "redressed by a favorable decision." <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560 (1992).

Defendant contends that McKibbin's alleged injury is not distinct from that of City Limits because it is City Limits' business license and property that are at issue, and any pecuniary loss suffered will be that of City Limits. (Def.'s Mot. Dismiss at 5.) McKibbin alleges a threat of criminal prosecution for violating the County zoning ordinance, which is a non-pecuniary injury distinct from City Limits' asserted pecuniary and constitutional harm. (Pls.' Compl. ¶ 33.)

Defendant rejoins McKibbin is not subject to prosecution because he does not own the business license in question, City Limits does. (Def.'s Mot. Dismiss at 5.) Since Plaintiffs' allegations must be construed in the light most favorable to McKibbin, <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974), McKibbin survives Defendant's standing challenge.

II. <u>Abstention</u>

Defendant argues the Court should abstain from hearing Plaintiffs' constitutional claims under the doctrine announced in <u>Railroad Comm'n of Texas v. Pullman</u>, 312 U.S. 496, 500 (1941). (Def.'s Mot. Dismiss at 5.) The <u>Pullman</u> abstention doctrine "allows postponement of the exercise of federal jurisdiction when 'a federal constitutional issue . . . might be mooted or presented in a different

4

posture by a state court determination of pertinent state law.'" Kollsman v. City of Los Angeles, 737 F.2d 830, 833 (9th Cir. 1984) (quoting C-Y Dev. Co. v. City of Redlands, 703 F.2d 375, 377 (9th Cir. 1983)).  The Ninth Circuit employs a three-prong test to determine whether the application of Pullman abstention is appropriate:

> (1) the complaint must touch a sensitive area of social policy into which the federal courts should not enter unless there is no alternative to adjudication; (2) a definitive ruling on the state issues by a state court could obviate the need for constitutional adjudication by the federal court; and (3) the proper resolution of the potentially determinative state law issue is uncertain.

Kollsman, 737 F.2d at 833 (citing Richardson v. Koshiba, 693 F.2d 911, 915 (9th Cir. 1982)).  "The absence of any one of these three factors is sufficient to prevent the application of Pullman abstention." Porter v. Jones, 319 F.3d 483, 492 (9th Cir. 2003).

### A.   Sensitive Area of Social Policy

Defendant contends that because Plaintiffs' claim challenges the denial of City Limits' general business license renewal and the validity of a County Zoning ordinance restricting the location of adult businesses, it is a claim based on land-use planning issues. (Def.'s Mot. to Dismiss at 5-6.)  However, Plaintiffs allege County Zoning Code section 325-51 violates their First and Fourteenth Amendment free speech rights.  (Pls.' Compl. ¶ 34.)

The Ninth Circuit has held that in First Amendment cases, the first Pullman factor "will almost never be present because the guarantee of free expression is always an area of particular federal concern." Porter, 319 F.3d at 492.  "[C]onstitutional challenges based on the [F]irst [A]mendment right of free expression are the kind

5

of cases that the federal courts are particularly well-suited to hear. That is why abstention is generally inappropriate when [F]irst [A]mendment rights are at stake." Id.

Since Plaintiffs allege a violation of their First Amendment rights and Defendant has not shown why abstention is appropriate in this context, the first Pullman factor is not satisfied. Therefore, Defendant's request for abstention is denied.

III. Ripeness

Defendant argues that Plaintiffs' as-applied free speech claim is not ripe because Plaintiffs have not sought a variance under the zoning regulations and therefore, the agency decision is not final. (Def.'s Mot. to Dismiss at 15.) Plaintiffs agree the decision is not yet final, but contend they are currently risking criminal prosecution by operating City Limits in violation of County law and therefore, the claim is ripe. (Pls.' Resp. at 4-5.)

When a plaintiff faces enforcement of an allegedly unconstitutional ordinance, the plaintiff's claim is ripe for adjudication. See Patel and Patel v. City of South San Francisco, 606 F. Supp. 666, 669 (N.D. Cal. 1985) (holding that since the city of San Francisco sought to enforce the allegedly unconstitutional ordinance, the plaintiff's claim was ripe). Since Plaintiffs' allegations must be construed in the light most favorable to Plaintiffs, Scheuer, 416 U.S. at 236, Plaintiffs' free speech claim survives Defendant's ripeness challenge.

IV. State Law Claims

Defendant argues that Plaintiffs' state claim presents novel and complex issues of state law and requests that this Court decline to exercise supplemental jurisdiction over it pursuant to 28 U.S.C.

1  § 1367(c) ("section 1367"). (Def.'s Mot. Dismiss at 16.) Defendant
2  argues Plaintiffs' "administrative mandamus proceedings under
3  California state law raise novel issues of interpretation of local
4  zoning laws which the state [courts] have not yet adjudicated." (Id.)
5  "Plaintiffs agree that this Court can decline to exercise supplemental
6  jurisdiction. Plaintiffs do not object if this Court wishes to
7  decline to exercise supplemental jurisdiction[,]" but Plaintiffs argue
8  if the Court declines to exercise supplemental jurisdiction, "this
9  Court should nevertheless issue a preliminary injunction or a
10 temporary stay of any enforcement by the County." (Pls.' Resp. at 6.)
11 This request is inconsistent with Plaintiffs' assertion that "the
12 decision of the County is not yet final" because of Plaintiffs' state
13 mandamus claim. (Id. at 4.) In light of this assertion, Plaintiffs
14 have not shown that an injunction is necessary. Since Plaintiffs'
15 state claim involves mandamus proceedings "that are uniquely in the
16 interest and domain of state courts," Clemes v. Del Norte County
17 Unified Sch. Dist., 843 F.Supp. 583, 596 (N.D. Cal. 1994), and the
18 parties do not dispute that the Court may decline to exercise
19 supplemental jurisdiction, Plaintiffs' state claim is dismissed under
20 section 1367(c)(1).

## CONCLUSION

22    For the stated reasons, except for the portion of the motion
23 under section 1367, Defendant's motion is denied. Plaintiffs' state
24 /////
25 /////
26 /////
27 /////
28 /////

1  mandamus claim is dismissed under section 1367(c)(1) as of the date on
2  which this Order is filed.
3           IT IS SO ORDERED.
4  Dated:  October 5, 2006

                                /s/ Garland E. Burrell, Jr.
                                GARLAND E. BURRELL, JR.
                                United States District Judge